1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DANIEL LAWRENCE SMITH,            Case No. EDCV 13-1907 SS

12              Plaintiff,            **MEMORANDUM DECISION AND ORDER**

13      v.                            **DISMISSING ACTION WITHOUT**

14  JERRY BROWN,                      **PREJUDICE FOR FAILURE TO**

15              Defendant.            **EXHAUST**

16

17                              **I.**

18                         **INTRODUCTION**

19

20      On September 20, 2013, David Lawrence Smith ("Plaintiff"), a
21  California state prisoner proceeding <u>pro se</u>, lodged a civil
22  rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint")
23  in the Northern District of California.  On October 10, 2013, the
24  matter was transferred to the Central District.  Plaintiff filed
25  an application to proceed <u>in forma pauperis</u> on October 30, 2013.
26  The Court granted Plaintiff's IFP application on November 8, 2013
27  and permitted the Complaint to be filed.  (<u>See</u> Dkt. Nos. 7-8).

28

On November 14, 2013, the Court issued an Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust because Plaintiff admitted in the Complaint that he had not exhausted his administrative remedies prior to filing suit.[1] (See Dkt. No. 10 at 2) (citing Complaint at 6).  The Court explicitly advised Plaintiff that for this action to proceed despite his admission, he must (1) show that contrary to the allegations in the Complaint, Plaintiff did exhaust his administrative remedies, or (2) explain why the prison's grievance process was "effectively unavailable" prior to the filing of the instant action.  (Dkt. No. 10 at 5).  Plaintiff was further advised that the failure to respond to the OSC would result in dismissal of his action without prejudice for failure to exhaust administrative remedies.  (Id.).  The Court received Plaintiff's Response to the OSC on December 12, 2013.  (Dkt. No. 11).  While the Response repeats certain allegations of the Complaint, the only apparent reference to the exhaustion issue raised in the OSC is Plaintiff's assertion, in its entirety, that "[t]aking care of homeless women and homeless sick children

---

[1] Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

1    shouldn't have to go through an appeal process that is

2    dishonest."[2]  (Id. at 3-4).

3

4         Petitioner, who is the only party to this action, has

5    consented to the jurisdiction of the undersigned United States

6    Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (See Dkt. No. 1

7    at 7).  Accordingly, the undersigned has jurisdiction to dismiss

8    this action on procedural grounds before service of the Complaint

9

10   _____

     [2] The Court notes that in addition to being unexhausted, the
11   Complaint suffers from numerous other defects.  First, the
     Complaint sues Governor Jerry Brown in his official capacity and
12   at the same time seeks five billion dollars in damages.
     (Complaint at 2).  However, the Eleventh Amendment bars suits for
13   damages against state officials acting in their official
     capacity.  Snow v. McDaniel, 681 F.3d 978, 991 (9th Cir. 2012).
14   Second, the Complaint is largely incoherent, in violation of
     Federal Rule of Civil Procedure 8, which requires that a
15   complaint contain "a short and plain statement of the claim
     showing that the pleader is entitled to relief."  Fed. R. Civ. P.
16   8(a)(2); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
     (2007) (to state a claim the complaint must articulate "enough
17   facts to state a claim to relief that is plausible on its face").
     Third, even if Plaintiff attempted to amend the Complaint to
18   allege claims against Governor Brown in his individual capacity
     or against some other defendant, the claims would still need to
19   be exhausted.  See 42 U.S.C. § 1997e(a) ("No action shall be
     brought . . . until such administrative remedies as are available
20   are exhausted.").  A grievance suffices to exhaust a claim if it
     puts officials "on adequate notice of the problem for which the
21   prisoner seeks redress."  Sapp v. Kimbrell, 623 F.3d 813, 824
     (9th Cir. 2010).  While exhaustion does not "require an inmate to
22   identify responsible parties or otherwise to signal who
     ultimately may be sued," id., the grievance must alert officials
23   "to the nature of the wrong for which redress is sought" by
     providing enough information to allow the officials "to take
24   appropriate responsive measures."  Griffin v. Arpaio, 557 F.3d
     1117, 1120-21 (9th Cir. 2009).  Here, as further explained below,
25   Plaintiff admits that he completely failed to alert officials to
     the nature of his complaint, regardless of the defendants who he
26   believes are liable for his injury, prior to filing suit.

27

28

                                   3

on Defendant.[3]   For the reasons discussed below, this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

[3] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Plaintiff is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. No. 1 at 7). Defendant has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (internal quotation marks and citation omitted).

Accordingly, all parties have consented pursuant to § 636(c)(1) and the undersigned Magistrate Judge has jurisdiction to dismiss this matter. See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (magistrate judge had jurisdiction to dismiss sua sponte prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); United States v. Real Prop., 135 F.3d 1312, 1317 (9th Cir. 1998) (magistrate judge had jurisdiction to enter default judgment in in rem forfeiture action even though property owner had not consented because § 636(c)(1) requires consent only of "parties" and property owner, having failed to comply with applicable filing requirements, was not a "party"); Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); see also Olivar v. Chavez, 2013 WL 4509972 at *2 (C.D. Cal. Aug. 23, 2013) (magistrate judge may dismiss habeas petition with prejudice as untimely where petitioner consented and respondent had not been served); Patrick Collins, Inc. v. Doe, 2011 U.S. Dist. LEXIS 125671 at *4 n. 1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s)."); Third World Media, LLC v. Doe, 2011 WL 4344160 at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); Ornelas v. De Frantz, 2000 WL 973684 at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require

4

1                                    **II.**

2                    **ALLEGATIONS OF THE COMPLAINT**

3

4        Plaintiff sues California Governor Jerry Brown in his

5   official capacity only.  (Complaint at 2).[4]  Although Plaintiff

6   does not clearly identify the specific events that underlie his

7   Complaint or explain why he believes Governor Brown, as opposed

8   to some other individual, is liable, Plaintiff alleges that from

9   2011 to the present his medical care at the California

10  Rehabilitation Center, where he is currently incarcerated, has

11  been "horrible."   (Id. at 1 & 3).  Plaintiff states that he went

12  to the clinic numerous times for foot and back pains and only

13  received pain pills.   (Id. at 3).   In addition, the clinic

14  dentist "totally destroyed [Plaintiff's] teeth."  (Id.).

15

16       Plaintiff further complains that because he was sentenced

17  under the Three Strikes Law, he is not eligible for early release

18  despite his excellent prison record.   (Id. at 5).   As a

19  consequence, he is "forced to live with mentally ill inmates in

20  overcrowded hot dorms with no air condition[ing]."   (Id.).

21  Plaintiff asserts that Governor Brown is wasting taxpayers' money

22  by sending low-risk inmates out of state, when instead they, like

23  Plaintiff, should be immediately released.   (Id. at 5 & 7).

24

25  the consent of defendants in order to dismiss this action because
    defendants have not been served, and, as a result, are not
26  parties under the meaning of 28 U.S.C. § 636(c).").

27
    [4] The Court will cite to the Complaint as though it were
28  consecutively paginated.

1    Plaintiff seeks an injunction preventing defendants from
2   "wasting taxpayers funds, etc.," as well as compensatory damages
3   of $2.5 billion and punitive damages of $2.5 billion. All of
4   these funds, according to Plaingiff, should be awarded to
5   "children and communities to set forth a foundation for inmates
6   that are being released to their area." (Id. at 7).  Plaintiff
7   also vaguely states that "Emergency Action" should be taken
8   against Governor Brown "and all other responsible parties" who
9   are abusing inmates because Governor Brown and "his associates
10  have been manipulating and causing too much harm and ha[ve] to be
11  stopped." (Id. at 6).

12

13                              **III.**

14                           **DISCUSSION**

15

16   Although the specific allegations of the Complaint are not
17  entirely clear, the gravamen of the Complaint appears to be an
18  attempt to state some sort of claim for deliberate indifference
19  to serious medical needs against Governor Jerry Brown.
20  (Complaint at 3).  However, Plaintiff admits in the Complaint
21  that he did not exhaust his administrative remedies before filing
22  suit.  (Id. at 6).  Indeed, it appears that Plaintiff has not
23  even begun the administrative grievance process.  According to
24  Plaintiff, he did not seek administrative relief because:

25

26      The appeal process is a long lenghty [sic] manipulating
27      process and real outside medical attention is needed at
28      this present time.  Also emergency releases need to be

                                 6

1    done.  Emergency Actions on the behalf of myself [sic],

2    other inmates, and the struggling citizens should be

3    taken against Governor Jerry Brown and all other

4    responsible parties that is [sic] abusing inmates, good

5    citizens, the Constitutions [sic] of the United States,

6    and the good and respectful Judges of the Federal

7    Courts.  Jerry Brown and his associates have been

8    manipulating and causing too much harm and has [sic] to

9    be stopped.

10

11   Id.

12

13   The Prison Litigation Reform Act of 1995 (the "PLRA"), 42

14   U.S.C. § 1997e(a), requires a prisoner to exhaust "such

15   administrative remedies as are available" before suing over

16   prison conditions.  Booth v. Churner, 532 U.S. 731, 733-34, 121

17   S. Ct. 1819, 149 L. Ed. 2d 958 (2001).  "[F]ederal courts may not

18   consider a prisoner's civil rights claim when a remedy was not

19   sought first in an available administrative grievance procedure."

20   Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir.

21   2005); see also 42 U.S.C. § 1997e(a) ("No action shall be brought

22   . . . until such administrative remedies as are available are

23   exhausted.").  A prisoner must pursue a remedy through all levels

24   of the prison's grievance process "as long as some action can be

25   ordered in response to the complaint," Brown v. Valoff, 422 F.3d

26   926, 934 (9th Cir. 2005), regardless of the ultimate relief

27   offered through such procedures.  Booth, 532 U.S. at 741.

28   "Proper exhaustion demands compliance with an agency's deadlines

7

1  and other critical procedural rules because no adjudicative
2  system can function effectively without imposing some orderly
3  structure on the course of its proceedings." <u>Woodford v. Ngo</u>,
4  548 U.S. 81, 90-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).

6      The Supreme Court has described Congress's objectives in
7  enacting the PLRA as follows:

9      Beyond doubt, Congress enacted § 1997e(a) to reduce the
10     quantity and improve the quality of prisoner suits; to
11     this purpose, Congress afforded corrections officials
12     time and opportunity to address complaints internally
13     before allowing the initiation of a federal case. In
14     some instances, corrective action taken in response to
15     an inmate's grievance might improve prison
16     administration and satisfy the inmate, thereby
17     obviating the need for litigation. In other instances,
18     the internal review might filter out some frivolous
19     claims. And for cases ultimately brought to court,
20     adjudication could be facilitated by an administrative
21     record that clarifies the contours of the controversy.

23 <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25, 122 S. Ct. 983, 152 L.
24 Ed. 2d 12 (2002) (internal quotation marks and citations
25 omitted). Accordingly, the Ninth Circuit has held that "a
26 district court must dismiss a case without prejudice when there
27 is no <u>presuit</u> exhaustion, even if there is exhaustion while suit
28 is pending." <u>Lira v. Herrera</u>, 427 F.3d 1164, 1170 (9th Cir.

2005) (internal quotation marks omitted; emphasis in original); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because [plaintiff] did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice . . . [Plaintiff] may initiate litigation in federal court only after the administrative process ends."); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Ninth Circuit has acknowledged that "it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court . . . ." McKinney, 311 F.3d at 1200. However, dismissal due to a prisoner's failure to exhaust administrative remedies is appropriate because "Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit." Id. (affirming district court's dismissal of prisoner plaintiff's civil rights action for failure to exhaust despite plaintiff's contention that the court should have entered a stay that would have provided an opportunity for exhaustion); see also Vaden, 449 F.3d at 1050-51 (claims that are exhausted after the complaint has been tendered to the district court, but before the district court grants plaintiff permission to proceed in forma pauperis and files his complaint, must be dismissed pursuant to 42 U.S.C. § 1997e).

1    While exhaustion is normally a precondition to suit, the
2  PLRA does not require exhaustion "when circumstances render
3  administrative remedies 'effectively unavailable.'"  Sapp v.
4  Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).  Courts in the Ninth
5  Circuit require "a good-faith effort on the part of inmates to
6  exhaust a prison's administrative remedies as a prerequisite to
7  finding remedies effectively unavailable."  Albino v. Baca, 697
8  F.3d 1023, 1035 (9th Cir. 2012); see also Sapp, 623 F.3d at 823-
9  24 (to fall within an exception to exhaustion requirement, "a
10 prisoner must show that he attempted to exhaust his
11 administrative remedies but was thwarted").

12

13    "[T]he PLRA does not require that a prisoner's federal court
14 complaint affirmatively plead exhaustion."  Nunez v. Duncan, 591
15 F.3d 1217, 1223-24 (9th Cir. 2010) (citing Jones v. Bock, 549
16 U.S. 199, 212-17, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).
17 Generally, failure to exhaust is an affirmative defense that
18 requires the defendant, following service of the complaint, to
19 prove that a plaintiff failed to exhaust his administrative
20 remedies by showing that "administrative remedies were available
21 and unused."  Albino, 697 F.3d at 1035.  However, "[a] prisoner's
22 concession to nonexhaustion is a valid ground for dismissal, so
23 long as no exception to exhaustion applies."  Wyatt v. Terhune,
24 315 F.3d 1108, 1120 (9th Cir. 2003).  In such circumstances, a
25 court may dismiss an action for failure to exhaust administrative
26 remedies on its own motion.  See Bennett v. King, 293 F.3d 1096,
27 1098 (9th Cir. 2002) (affirming district court's sua sponte
28 dismissal of prisoner's complaint for failure to exhaust

1   administrative remedies); <u>White v. McGinnis</u>, 131 F.3d 593, 595
2   (6th Cir. 1997) (same); <u>see also</u> <u>Jones</u>, 549 U.S. at 216 (fact
3   that exhaustion is not explicitly included among section 1915A's
4   enumerated grounds for dismissal "is not to say that failure to
5   exhaust cannot be a basis for dismissal for failure to state a
6   claim"); <u>Mojas v. Johnson</u>, 351 F.3d 606, 609-10 (2d Cir. 2003)
7   ("[W]e can perceive no reason why a court should be prohibited
8   from dismissing actions in violation of [the PLRA's exhaustion]
9   mandate on its own motion . . . [if the district court
10  establishes] from a legally sufficient source that an
11  administrative remedy is applicable and that the particular
12  complaint does not fall within an exception.") (internal
13  quotation marks omitted).

14

15       Here, Plaintiff admits that none of his claims were
16  exhausted at the time he tendered his Complaint to the Court.
17  (Complaint at 6; <u>see also</u> Response at 4).  The Court takes
18  Plaintiff at his word and assumes the truth of his admission,
19  which he appears to have confirmed in his Response. The Court
20  provided Plaintiff an opportunity to demonstrate that, contrary
21  to the Complaint's allegations, his deliberate indifference claim
22  was administratively exhausted, or to explain why the failure to
23  exhaust should be excused.  Plaintiff has offered no coherent
24  justification for his failure to exhaust administrative remedies
25  and the Court can discern none.  Accordingly, this action must be
26  dismissed.
27  \\
28  \\

**IV.**

**CONCLUSION**

     For the reasons stated above, IT IS ORDERED that Judgment shall be entered dismissing this action without prejudice for failure to exhaust.

DATED:  February 19, 2014

                                        /S/
                                   _____
                                   SUZANNE H. SEGAL
                                   UNITED STATES MAGISTRATE JUDGE

12